UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES

**Date:** August 31, 2023       **Time:** 10:57-1:05       **Judge:** EDWARD M. CHEN
                                               2 hours, 8 minutes

**Case No.:** 17-cr-00533-EMC-8       **Case Name:** USA v. Russell Lyles, Jr, et al.

**3:17-cr-00533-EMC-3 - USA v. Russell Lyles, Jr. (**In-Person, Out of Custody)
AUSA: Kevin Barry, Ajay Krishnamurthy, Lina Peng / DEF: Michael Clough, Buffy Hutchinson

**Deputy Clerks:** Vicky Ayala       **Court Reporter:** Stephen Franklin
                                                **Probation:** Kyle Pollack

### PROCEEDINGS

Sentencing (In-Person).

### SUMMARY

Parties stated appearances.

Court determined: Criminal History Category: 3    Adjusted Offense Level: 32    Guideline Range: 151-188 months.

Defendant reviewed the PSR with his attorney.  Court indicated there are corrections to the PSR it intends to make in view of defendant's objections.  In paragraph 48, line 9, on November 26, 2016, defendant only admitted to taking of property, he did not admit to extortion.  In paragraph 49, line 1 and line 2, the following will be stricken from the PSR, "and all members of the HASC were aware that this conspiracy to commit murder existed."  In paragraph 52, line 3, after the word agreed, change PSR to "that violence and serious injury or possible death of rivals was a possibility for the enterprise."  In paragraph 61, the last sentence be stricken from the PSR, "She indicated that HASC members intimidated Ghardiri's family by making their presence known, and that she herself went to a restaurant where Ghardiri's girlfriend worked and tried to scare Ghardiri's girlfriend after Lyles directed her to do so."  On page 37 (page 2 of the sentencing recommendations) states, "Further, Lyles brandished a firearm and demanded marijuana and money from a third victim, and during the robbery, **Lyles** took four pounds of marijuana."  The name **Lyles** should be changed to **Greer**.  The Government indicated it gave incorrect information to Probation.  On page 36 through 38, the date March 17, 2023, should be changed to May 17, 2023.  The Court indicated any objections where changes were not made are overruled.  Defense counsel requested the Court adopt the language in the Plea Agreement regarding defendant's contact with Brittany Tolman.  The Government stated this language appears on page six lines 19 through 22 of the Plea Agreement.  Government had no

objections if the contact is through counsel as stated in the Plea Agreement. The Court will amend the terms of supervised release to reflect the above.

Having analyzed and discussed the Guidelines calculation, the Court considered and discussed 3553(a) factors and acknowledged these were serious offenses given the charges involved; the Court discussed mitigating factors as well as thoroughly stated on the record.

The Court imposed a sentence of 63 months imprisonment and a three-year-term of supervised release. The Court recommends the defendant participate in the Bureau of Prisons Residential Drug Abuse Program, an educational program, a vocational training program, and be housed in a facility in California to facilitate family visits. Defendant is pay a special assessment of $100.00 and a fine of $15,000.00.

Defendant is ordered to self-surrender on 1/3/2024.